BETH A. ROSS SBN 141337
PHIL A THOMAS SBN 248517
LEONARD CARDER, LLP
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CA 94109
TELEPHONE: (415) 771-6400
FACSIMILE:   (415) 771-7010

Attorneys for Defendant International Longshore
and Warehouse Union, Local 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, U.S. Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>LOCAL 10, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Defendants. | Case No. C 07-2763 EDL<br><br>**DEFENDANT ILWU LOCAL 10'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant International Longshore and Warehouse Union, Local 10 ("Defendant"), on behalf of itself and no other defendant, hereby answers the allegations set forth in Plaintiff's Complaint, according to its numbered paragraphs, as follows:

1.  Defendant admits that this action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 but denies that the relief sought as described in paragraph 1 of the complaint is appropriate.

2.  Defendant admits the allegations set forth in paragraph 2 of the complaint.

3.  Defendant admits the allegations set forth in paragraph 3 of the complaint.

4.  Defendant admits the allegations set forth in paragraph 4 of the complaint.

5.  Defendant admits the allegations set forth in paragraphs 5 and 6 of the complaint.

6.  Defendant admits the allegations set forth in paragraph 7 of the complaint.

7.  Defendant admits that on November 16, 2006 and December 8, 2006, Defendant conducted an election for various offices, including those of Vice-President, Business Agent, Executive Board member, and Caucus and Convention delegate, which election was subject to the provisions of Title IV of the LMRDA, 29 U.S.C. §481 *et seq*. Defendant denies the remaining allegations set forth in paragraph 8 of the complaint.

8.  Defendant admits that, on or about October 23, 2006, it notified Complainant Odra Dunn that he was ineligible to run for office. Defendant admits that, by letter dated November 10, 2006, Complainant challenged Defendant's decision to remove Complainant's name from the election ballot. Defendant admits that, by letter dated November 10, 2006, Defendant denied Complainant's challenge. Defendant admits that, by letter dated January 3, 2007, Complainant appealed Defendant's denial to the International President. Defendant admits that, by letter dated January 16, 2007, the International President denied Complainant's appeal. Defendant admits that, by letter dated February 12, 2007 Complainant appealed to the International Executive Board. Defendant denies the remainder of the allegations set forth paragraph 9 of the complaint.

9.  Defendant admits that Complainant filed a complaint with the Department of

Labor on or about March 5, 2007. Defendant admits that, on or about April 5, 2007, it agreed to extend the deadline for Plaintiff to file suit until May 25, 2007. Defendant denies the remainder of the allegations set forth in paragraph 10 of the complaint.

10. Defendant admits that Plaintiff investigated the complaint filed by Odra Dunn pertaining to the election for officers conducted by Defendant in November and December, 2006, but denies the remaining allegations set forth in paragraph 11 of the complaint.

11. Defendant denies the allegations set forth in paragraphs 12 and 13 of the complaint.

**Affirmative Defenses**

Defendant asserts the following affirmative defenses to plaintiff's complaint:

1. As its first affirmative defense, Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted.

2. As a second affirmative defense, Defendant alleges that Plaintiff and/or Complainant failed to exhaust all available administrative remedies under Defendant's bylaws.

3. As a third affirmative defense, Defendant alleges that Plaintiff's claim is barred in whole or in part by the applicable statute of limitations and/or the equitable doctrines of laches, waiver and estoppel.

WHEREFORE, Defendant prays for judgment as follows:

(a) that judgment be entered in favor of Defendant Local 10 and against Plaintiff;

(b) that Plaintiff take nothing by way of its complaint;

(c) that Defendant Local 10 be awarded reasonable attorneys' fees and costs of suit herein; and

1  (d) that the Court award to Defendant Local 10 such other relief as the court may
2  deem just and proper.
3
4
5  Dated: October 18, 2007                Respectfully submitted,
6                                         LEONARD CARDER LLP
7
8                                         By: _____
9                                                Beth A. Ross
                                                 Attorneys for DEFENDANT ILWU LOCAL 10

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 771-6400    FAX (415) 771-7010

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. C-07-2763 EDL                                                                PAGE 4



# CERTIFICATE OF SERVICE
*Choa vs ILWU Local 10*
*USDC Northern District Case No. C07-2763 EDL*

The undersigned declares under penalty of perjury that the following is true and correct. Declarant is employed in the City and County of San Francisco, State of California. Declarant is over the age of eighteen years and is not a party to the within action. Declarant's business address is 1188 Franklin Street, Suite 201, San Francisco, California 94109. On October 18, 2007, declarant served the within **DEFEDANT ILWU LOCAL 10'S ANSWER TO PLAINTIFF'S COMPLAINT** on the undernoted and by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in a United States Post Office mail box at San Francisco, addressed as follows:

SCOTT N. SCHOOLS, ESQ.
SARA WINSLOW, ESQ.
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
450 GOLDEN GATE AVENUE, BOX 36055
SAN FRANCISCO, CA 94102

Executed at San Francisco, California on October 18, 2007.



Angela Ahn