JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ISABELLA M. DEL SANTO (CSBN 172782)
Special Assistant United States Attorney

Office of the Solicitor
U.S. Department of Labor
90 Seventh Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7749
Facsimile: (415) 625-7772
delsanto.isabella@dol.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, U.S. Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 10, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Defendant. | No. C-07-2763 VRW<br><br><br><br><br>**DECLARATION OF PATRICIA FOX** |

I, Patricia Fox, am Acting Chief, Division of Enforcement, Office of Labor-Management Standards (OLMS), Employment Standards Administration, United

States Department of Labor ("Department"). The election, completed on February 8, 2008, was conducted under the supervision of the Department pursuant to an order, issued October 24, 2007, by the United States District Court for the Northern District of California and a December 7, 2007 settlement agreement reached between the same parties.

On November 20, 2007, Regina Diaz, an OLMS investigator designated as the election supervisor ("Election Supervisor") for this election held a pre-election conference to develop the rules, nominations and election procedures, including election protest procedures, and time frames for Defendant Local 10's supervised election. The meeting also provided attendees the opportunity to participate in formulating the election rules by presenting materials or comments which might be pertinent. At this meeting, the Election Supervisor distributed to all attendees a copy of the October 24, 2007 court order, local bylaws, and an OLMS pamphlet entitled "Election of Officers of Labor Organizations." The Election Supervisor identified the criteria for running for office, referencing the applicable constitutional provisions. The primary election was conducted under the Department's supervision on January 4, 2008, for the offices of vice president, business agent (2), trustee (5), executive board member (35), and caucus and convention delegate (10). A runoff election was held on February 7, 2008, for the offices of vice president and business agents because no candidate in those races received a majority of the votes cast.

Two protests, one pre-election and one post-election, were filed with the Department of Labor, alleging violations of the Labor-Management Reporting and

Disclosure Act of 1959 (Act) occurred during the supervised election. The allegation presented in each protest is set forth below with an explanation for its dismissal.

<u>Richard Mead's December 18, 2007, pre-election protest</u>

<u>Allegation</u>: Meade challenged the Election Supervisor's determination that he was ineligible to run for office in the supervised election. Meade contended that although he was banned from holding office for five years, the five-year period expired as of November 2002, when he commenced his term of office as Local 10 President.

<u>Response</u>: The eligibility requirements for this supervised election were set forth in the General Rules for the Supervised Election of ILWU Local 10 Officers (Election Rules). Rule 5 of the Election Rules provides in relevant part that a member seeking office must be in good standing for one year prior to December 14, 2007. The investigation disclosed that Meade was not in good standing for the year preceding December 14, 2007. Meade was removed from office under Article V, Section 1(e) of the Local 10 Constitution which provides that "no member prohibited through judgment of Trial Committee (approved by the membership) shall be eligible for nomination." A referendum was held on May 28, 2004, barring Meade from holding office for five years. The bar was effective as of November 20, 2003. Consequently, the bar does not expire until November 20, 2008, and was in effect at the time of the supervised election. The Election Supervisor properly determined that Meade was not a member in good standing and ineligible to run for office at the time of the supervised election. There was no violation of the Act.

///

Undated, unsigned post-election protest

Allegation: The complaint challenged the eligibility of Melvin McKay, one of several candidates running for local president, because McKay had already served two consecutive years, and, under Article VI, section 5 of the Local 10 Constitution was ineligible to run for office until the expiration of one year.

Response: Under Section 402 of the Act, only members of a labor organization may file complaints with the Department. See 29 C.F.R. §§ 452.135-452.136. Since the election protest is unsigned, closing with "[a]nonymous local 10 member," it cannot be confirmed that the author is in fact a member of Defendant Local 10. Consequently, this allegation is not within the scope of the Department's supervisory authority. In any event, the office of president was not under the supervision of the Department. The October 24, 2007, court order and December 7, 2007 settlement agreement between the Department and Defendant Local 10 identified the offices for which a new election, with new nominations, would be held under the Department's supervision. Neither the court order nor the settlement agreement lists the office of president. Nevertheless, the Department reviewed the list of candidates for positions subject to its supervision to ensure compliance with Article VI, section 5 of the Local 10 Constitution. That provision provides, in relevant part, that "any salaried elective officer who served two full consecutive terms of one year shall not be eligible again to hold office in this local . . . until the expiration of one year." For this supervised election, none of the candidates running for a salaried elective office had served more than one term. There was no violation.

///

Executed on April 1, 2008 at Washington, D.C.

I have reviewed the foregoing and declare under penalty of perjury that it is true to the best of my knowledge and belief.

By: *Patricia Fox*
Patricia Fox